IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal Action No.: 7:07-cr-01112-JMC |
| v. ) | |
| ) | |
| Michael Tyron Jacobs, ) | |
| ) | **ORDER AND OPINION** |
| Defendant. ) | |
| _____) | |

This matter is before the court on *pro se* Defendant Michael Tyron Jacobs' ("Defendant") Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255.[1] (ECF No. 131.) The United States of America ("Government") filed a response in opposition to Defendant's Motion, and contemporaneously moved to dismiss the Motion with prejudice. (ECF Nos. 135, 136.)

A prisoner in federal custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. *See* 28 U.S.C. § 2255. The prisoner may be entitled to relief upon a showing: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack. *Id.* A petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of the evidence. *White v. United States*, 352 F. Supp. 2d 684, 686 (E.D. Va. 2004) (citing *Miller v. United States*, 261 F.2d 546 (4th Cir. 1958)). In ruling on a § 2255

---

[1] On March 28, 2016, the court appointed counsel for Defendant. (ECF No. 132.)

1

motion, the court may dismiss the motion without a hearing where "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings, that the moving party is not entitled to relief." 28 U.S.C. § 2255(b) (noting that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

After reviewing the parties' respective memoranda and the record of the underlying proceedings, the court determines that an evidentiary hearing is unnecessary. For the reasons set forth herein, the court **DENIES** Defendant's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (ECF No. 131), **GRANTS** the Government's Motion to Dismiss (ECF No. 136) with prejudice, and **DENIES** Defendant's Motion for Hearing (ECF No. 146).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 12, 2007, a federal grand jury returned an Indictment charging Defendant, along with others, with conspiracy to distribute powder and crack cocaine. (ECF No. 33.) On January 3, 2008, Defendant pled guilty to the Indictment. (ECF No. 63.) Pursuant to paragraph 582 of the Presentence Investigation Report ("PSR"), Defendant received two criminal history points. (ECF No. 88 at ¶ 582.) The two state charges at issue were Z743845 and Z743846. (*Id*.) The former was for driving under suspension and the latter was for a failure to surrender a driver's license. (*Id*.) With a total offense level of 37 and a criminal history category of IV, Defendant's range was 292 to 365 months of imprisonment. (ECF No. 88 at ¶ 626.)

On August 13, 2008, the judgment was filed against Defendant and he was sentenced to 180 months of imprisonment. (ECF No. 103.) Defendant did not file a notice of appeal. (ECF No. 135 at 2.)

On March 21, 2016, Defendant filed a § 2255 Motion challenging the criminal history points in paragraph 582 of the PSR, and submitted two orders (both dated March 1, 2016) signed by Magistrate Judge Nancy Devine vacating his convictions in Z743845 and Z743846. (ECF No. 131-1 at 2-3.) Based on Judge Devine's orders, Defendant requested to be resentenced. (ECF No. 131.)

On April 11, 2016, the Government filed a response in opposition to Defendant's Motion, and contemporaneously filed a Motion to Dismiss, asserting that Defendant's Motion should be dismissed as untimely because Defendant did not exercise due diligence under 28 U.S.C. § 2255(f)(4) when seeking vacatur of his state court convictions. (ECF Nos. 135, 136.)

On May 11, 2016, through his appointed counsel, Defendant filed a response to the Government's Motion to Dismiss. (ECF No. 141.) On August 8, 2017, Defendant filed a Motion for Hearing. (ECF No. 146.)

## II. ANALYSIS

### A. The One-Year Period of Limitation

A one-year period of limitation applies to motions brought under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). This limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to make a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. Therefore, unless subject to an exception under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a defendant must file an application for relief under § 2255 within one year of his conviction becoming final. Where, as here, there was no appeal, the conviction becomes final for the purpose of starting the one-year limitations period when the opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524-25 (2003).

The opportunity for Defendant to appeal expired on August 25, 2008; therefore, Defendant had one year from this date to file a § 2255 Motion. To defeat this result, Defendant cites to *Johnson v. United States*, 544 U.S. 295 (2005), which held that a state court vacatur of a predicate conviction is a new fact that triggers a fresh one-year statute of limitations under §2255(f)(4), as long as the petitioner exercised due diligence in seeking the order from the state court expunging the convictions at issue. *Id*. at 302. Defendant's § 2255 Motion was filed three weeks after Judge Devine entered the vacatur order. However, Defendant's Motion was not timely because he did not exercise due diligence in seeking the state-court order.

**B. Due Diligence**

A key component of *Johnson* is the defendant's duty to act with due diligence in trying to obtain a state court order vacating the convictions in question. According to the Supreme Court, "the date of judgment [in the federal case]" is "the moment the due diligence" requirement begins. *Id*. at 309. The Court found that "from November 29, 1994, the date the District Court entered judgment in his federal case, Johnson was obliged to act diligently to obtain the state-court order vacating his predicate conviction." *Id*. at 310. The Court found that Johnson did not act diligently inasmuch as he waited "more than three years after entry of the judgment in the federal case" to seek relief in state court. *Id*. at 311. Due diligence is not excused because a defendant is *pro se* or lacks sophistication to understand court procedures. *See id*. This three-year delay led the

4

Supreme Court to hold that "the fourth paragraph of § 2255 is unavailable," and Johnson was precluded from claiming renewal of the limitations period. *See id*.; *see also Arroyo v. United States*, 359 F. App'x 118, 121 (11th Cir. 2009) ("Arroyo did not file his state motion for post-conviction relief until 2006, more than three-and-a-half years after the district court imposed the federal sentence that was enhanced by the state court convictions. In general, a delay of this length will negate a finding of due diligence.").

Here, Defendant's federal judgment was filed on August 13, 2008. (ECF No. 103.) Defendant did not file an appeal (ECF No. 135 at 2); therefore, his federal conviction became final ten days later. *See Clay*, 537 U.S. at 524-25. According to documents received from Anderson County Summary court, Defendant filed a Motion to Expunge the convictions in Z743845 and Z743846 on September 17, 2015. (ECF No. 135-1.) Consequently, Defendant waited over seven years after his federal conviction became final before he sought relief in state court. *See id*. If under *Johnson* a three-year delay violated the due diligence requirement, the court finds that undoubtedly Defendant's seven-year delay renders the fourth paragraph of § 2255 unavailable.

### III. CONCLUSION

For the foregoing reasons, the court **DENIES** Defendant's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (ECF No. 131), **GRANTS** the Government's Motion to Dismiss (ECF No. 136) with prejudice, and **DENIES** Defendant's Motion for Hearing (ECF No. 146).

### IV. CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 27, 2017
Columbia, South Carolina